151 F.3d 1034
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Walter G. SZYMANSKI, Petitioner-Appellant,
v.
Marianne A. COOKE, Respondent-Appellee.
 Nos. 97-2117, 97-2144.
 United States Court of Appeals, Seventh Circuit.
 Submitted July 21, 1998.*
Decided July 29, 1998.
Rehearing and Suggestion for Rehearing En Banc Denied Aug. 21, 1998.
 
 Appeals from the United States District Court for the Eastern District of Wisconsin. No. 97-C-272 J.P. Stadtmueller, Chief Judge.
 Before Hon. JOHN L. COFFEY, Hon. FRANK H. EASTERBROOK, Hon. KENNETH F. RIPPLE, Circuit Judges.
 
 Order
 
 1
 After receiving his M.D., Walter Szymanski spent the summer of 1985 working at a hospital in Wisconsin. There he seduced a 14-year-old girl. In November 1985 the girl attempted suicide, fearing that she had become pregnant. Szymanski was convicted of six sexual offenses involving the girl and was sentenced to 42 years' imprisonment. Both the state courts and the federal district court have denied his petitions for collateral relief.
 
 
 2
 Szymanski contends that the sentence rests on inaccurate information. Yet a prisoner cannot use § 2254 to get a second opinion about the veracity of a witness; he must show that the state used constitutionally forbidden procedures. Even actual innocence of a crime does not support relief under 28 U.S.C. § 2254. Herrera v. Collins, 506 U.S. 390, 113 S.Ct. 853, 122 L.Ed.2d 203 (1993). Properly formulated, the claim Szymanski advances is that the state failed to alert him to allegations in the presentence report (principally because his lawyer, whose actions are attributed to the state for the purpose of determining whether he received constitutionally adequate assistance, failed to show him the presentence report) and then based the sentence on accusations that could have been but were not refuted at the sentencing hearing. We assume for current purposes that the accusations were incorrect (one of them, a report by a neighbor that Szymanski continued to entertain juvenile girls in his house, was addressed at the sentencing hearing, which undermines Szymanski's claim that he was ignorant of the report's contents); but this assumption does Szymanski no good, because the contested material did not affect the sentence. See Welch v. Lane, 738 F.2d 863 (7th Cir.1984). The judge spoke at length about his reasons for imposing a severe sentence, such as the fact that Szymanski was more than twice the girl's age; the judge did not mention any of the material against which Szymanski now directs his fire. True, the judge said that he was adopting the presentence report, but that report contained an abundance of uncontested information. The judge related orally which pieces of information were important. So whether we treat Szymanski as objecting to the procedures the court used to resolve contested issues, or the services his lawyer furnished, the answer is the same: no causation means no prejudice, and no prejudice means no relief under § 2254.
 
 
 3
 Szymanski also contends that the state courts failed to follow procedures required by state law when denying his motion to reduce his sentence. Although he labels this a violation of due process, it is well established that failure to follow state law does not violate the federal Constitution and therefore does not support collateral relief under § 2254. Gilmore v. Taylor, 508 U.S. 333, 113 S.Ct. 2112, 124 L.Ed.2d 306 (1993); Estelle v. McGuire, 502 U.S. 62, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991); Pulley v. Harris, 465 U.S. 37, 104 S.Ct. 871, 79 L.Ed.2d 29 (1984); Smith v. Phillips, 455 U.S. 209, 102 S.Ct. 940, 71 L.Ed.2d 78 (1982).
 
 
 4
 Finally, Szymanski contends that the federal district court abused its discretion by dismissing the petition summarily. Disputes about the proper application of Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts do not meet the standard for a certificate of appealability under 28 U.S.C. § 2253(c)(2): "a substantial showing of the denial of a constitutional right". Szymanski does not contend that the district court violated any of his constitutional rights. A prisoner is entitled to review of his claim; if the claim lacks merit (as Szymanski's does), it is a detail whether the court dismisses the petition immediately under Rule 4 or after a more leisurely process.
 
 AFFIRMED
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)